Case for argument, well Mr. Redman, you're up again. Turner v. Hirschbach Motor Lines. Good morning Judge. If it pleases the Court, this is Larry Redman on behalf of the plaintiff, Robin Turner. And again, I have nothing to add to the briefs, which I'm sure the Court has read, so I'm prepared to entertain questions if there are any. All right, I'll bite. You kept telling us in your briefs, Mr. Redman, that Department of Transportation regulations were violated. Yes. I didn't see any specific indication of what regulation was violated or how or when. That is 40 dash, I'm sorry, 40.171, which requires that if a request for a split test is requested, is timely requested, the split test must be done. And this whole appeal rests on that. The plaintiff did timely request it, and what happened was the designated employee representative told the doctor that handles the actual test that the plaintiff had changed his mind about wanting the test. And that was just not true. The plaintiff all along wanted the split test conducted, and it never was. And that fact by itself undercuts the validity of the test, and there's case law to support that, and I think that is in the briefs. Is that it? That's all that I have unless there are more questions, Judge. Thank you. I'd like to reserve it. You'll have more time later if you'd like. Thank you. So, Ms. Caldwell? Yes, Your Honor. My name is Faye Caldwell. I represent Hirschbach Motor Lines. This appeal, if it pleases the Court, this appeal rests on the premise that an allegation of an MRO independent party from my client, Hirschbach Motor Lines, to comply with DOT regulations is sufficient to avoid summary judgment without adducing evidence on the other essential elements of his race discrimination claim. And there is no private right of action for a violation of DOT regulations under the statute and under case law. Mr. Turner was tested on his first day of an orientation. The specimen was collected by an independent collection agency sent to an independent certified laboratory, MedTOX laboratory. And my client had no involvement in either the collection or the testing. They never touched the specimen. It was never in their possession. On the day of the graduation from the orientation, Mr. Turner spoke to Dr. Thompson, the medical review officer, as required by the DOT for presumptive positive tests. And Mr. Turner had no explanation for the marijuana positive, so Dr. Thompson verified it as positive. Absent a negative test, my client could not hire Mr. Turner as a driver. That would be prohibited by federal law. Mr. Turner testified, and this is in the record, that he did not request split specimen testing when he talked to the medical review officer. Mr. Weingarten, the designate employee representative, actually called in Mr. Turner to explain to him the right of a split specimen just to make sure he understood. That is also undisputed. And then there is a disputed comment about that would give rise to racial animus, and that is a disputed. Mr. Turner says he did. Mr. Weingarten said he didn't. But this is not dispositive because the issue is, of course, split specimen testing was not performed. The issue on appeal now is whose duties are it? Section 40.171, which is an obligation solely of the medical review officer, not the employer, does not provide that someone can't change their mind. But, of course, Mr. Turner said he never asked in the first place. It is fair that Mr. Weingarten, after speaking with Mr. Turner, said he understood that Mr. Turner did not want split testing. That is undisputed in the record. There is no evidence of any agreement to violate the law. There is not even evidence that Mr. Weingarten spoke directly with the medical review officer. So there's no conspiracy. There's no evidence. There's also no evidence, and I would think, between this conversation and the disqualification. What was not adduced in the record during the course of discovery was any doubt about the testing itself. There's no evidence that DOT testing is unreliable, that split specimens frequently fail to reconfirm, that there was anything wrong with the bednot testing. The record is completely void, which would be pure speculation of any causation, because if the split specimen had been done and it reconfirmed, there would have been no change. And we believe that absent any evidence of causation that this testing was relevant, there's no claim here because it's an essential element to the claim. So we'd urge, unless you have a question, that the grant of summary judgment was proper in this case. Where is the undisputed evidence that Mr. Turner rejected the idea of a split test? It's not there. The evidence is that he testified he did not ask the MRO. That's the limited evidence. In his deposition? In his deposition, and that's in the record. That's the first. Then there's a disputed conversation about racial animus. Yes, there is undisputed conversation that Mr. Turner said that if this MRO was involved, who he'd hung up on, also undisputed, that he didn't want him involved. He wouldn't be involved, right? Well, he would have to arrange it. You can't change the MRO. But you have to send it to a different lab, right? The lab would be different. The MRO would not be different. There's no provision in the regulations to allow for a different MRO. But it obviously would have been sent to a different independent laboratory. And that's all there was. There was no evidence about reliability or anything like that. So unless you have any other questions, we feel that the grant of summary judgment by the district court, yet on the record before the district court, was proper. Okay. Thank you, Mr. Paul. Thank you. Mr. Redmond? Thank you, Judge. There are a couple of points that I believe is in the briefs. I'm not sure exactly where. But the company is responsible for the actions of the MRO. And that is part of the rules of the Department of Transportation. I can give you the site. I don't have the site handy. But I believe it's in the briefs. Did Mr. Turner testify that he did not ask the MRO for a split test? I believe that is absolutely incorrect. He did request. In fact, that was the first thing out of his mouth during the deposition. He said, I want a split test. I want it done. And he was prepared to pay for it himself. And so for the judge, for the district court to say, to use the fact that he might have to pay, as a reason for him not wanting to have the split test done. Can you direct us, counsel, and I'll ask this again of defense counsel, the relevant pages of the depositions, of his deposition, on whether he did or did not ask for a split test? I won't be able to do that for you today, Judge. I'm sorry. I assume, counsel, it's in the summary judgment motion. Citation's there. Thank you. Thank you. Go ahead. The other issue is that counsel says that the record is devoid of causation of an invalid test having been done. But the problem becomes, how does a plaintiff get access to whether or not the test was invalidly done? And the fact is he does not have access to that. And so I think the courts have, in this state, have said that if the DR, if the Department of Transportation rules themselves are violated, that in and of itself undercuts the validity of the test. And that is what has happened in this case, and that is what the plaintiff is arguing. It has been, it is not undisputed that the plaintiff requested the test. The plaintiff, in fact, it's in the record. If you look at the exhibits, the MRO, a secretary to the MRO, has a notation on the record itself saying that the plaintiff requested the split test. And so the record is clear. He requested the test. Whether or not he changed his mind is at issue here. And the fact is he did not change his mind, and the district court relied upon the DER having reported to the MRO that the plaintiff changed his mind to assert that, in fact, his mind had been changed. But the representative did not represent to the MRO a true fact, because the plaintiff never changed his mind about requesting that split test. If that's all, I am. Okay. Thank you very much. And thank you, Judge.